IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JACOB PERRY JOHNSEY                                                                          PLAINTIFF

VS.                                                           CIVIL ACTION NO. 5:13cv75-DCB-MTP

CORRECTIONS CORPORATION OF AMERICA, *et al.*                         DEFENDANTS

### REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to serve process upon Defendants William Quinn and Henry King, III (hereafter "the unserved defendants") and to otherwise comply with the court's order [7] of August 1, 2013. Having reviewed the entire record in this matter, the undersigned recommends that the claims asserted against the unserved defendants be dismissed without prejudice.

**Procedural History**

On or about December 20, 2012, plaintiff Jacob Perry Johnsey ("Johnsey") filed a complaint against the defendants in Wilkinson County Circuit Court alleging violations of his civil rights, negligence, negligent supervision and assault and battery. The case was removed to this court on or about May 16, 2013. By Order [3] entered July 1, 2013, the court directed that the unserved defendants be served by July 30, 2013; otherwise, they would be dismissed without prejudice. By motion [5] filed July 29, 2013, Johnsey requested an additional 90 days to serve the unserved defendants. The court granted that request, in part, and extended the time to serve process on the unserved defendants and to file proof of service to October 1, 2013. *See* order [7] entered August 1, 2013.

A review of the docket reflects that Johnsey did not have process served as required by the order, has not demonstrated any good cause for further delay, and has not asked for or received additional time to effect service of process.

Thus, some nine months after the original filing of this complaint, Johnsey has not served

process on the unserved defendants.  In addition, he has failed to comply with the court's prior order [7].  Accordingly, the undersigned recommends that this matter be dismissed without prejudice as to the unserved defendants, William Quinn and Henry King, III.

## Legal Analysis

Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant...." Fed. R. Civ P. 4 (m).  As plaintiff has failed to serve process in compliance with the rule and by the deadline given by the court in its order extending the time for service, dismissal without prejudice is appropriate under Federal Rule of Civil Procedure 4 (m).

Additionally, pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court.  *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash,* 370 U.S.  at 629-31;  *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority).

## Recommendation

As the plaintiff has failed to serve process or to otherwise prosecute this case against the unserved defendants, it is the recommendation of the undersigned that the claims asserted against William Quinn and Henry King, III be DISMISSED WITHOUT PREJUDICE pursuant to

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Federal Rules of Civil Procedure 41(b) and 4 (m).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 25th day of October, 2013.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge